# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2993 | **DATE** | 9/27/2002 |
| **CASE TITLE** | USA, for the use and benefit of Crouch-Walker Corporation, et al. vs. Castle Construction Corporation, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Cross-Defendant Travelers' Motion to Dismiss Counts I and IV of Cross-Plaintiffs' Counterclaim [18-1] is DENIED as to Count I. The cross-plaintiffs have voluntarily withdrawn Count IV of the cross-claim, which sought contribution. Count IV is therefore dismissed without prejudice. Cross-Plaintiff Bouie's Summary Judgment Motion as to Liability of Cross-Defendant Travelers on Counts I and III of Bouie's Cross-Claim [27-1] is DENIED. The Motion of Cross-Defendants Bouie and National Fire to Dismiss All Five Counts of the Crossclaim Brought by Defendant Castle is GRANTED [16-1] as to Counts III and V. Castle has voluntarily withdrawn Counts I, II, and IV of the cross-claim, which are therefore dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 3 0 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 61 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 SEP 29 PM 3:38 | date mailed notice | |
| KMc | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, for )
the use and benefit of CROUCH- )
WALKER CORP.; and CROUCH- )
WALKER CORP., )
)
         Plaintiffs, ) Case No. 01 C 774
) Case No. 01 C 2993
   v. )
)
CASTLE CONSTRUCTION CORP.; ) Magistrate Judge Nan R. Nolan
TRAVELERS CASUALTY & )
SURETY CO. OF AMERICA; BOUIE )
CONSTRUCTION, INC.; and )
NATIONAL FIRE INSURANCE CO. )
OF HARTFORD, )
)
         Defendants. )
)

DOCKETED
SEP 30 2002

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three motions:

(1) Cross-Defendant Travelers Casualty & Surety Co. of America's ("Travelers") Motion to Dismiss Counts I and IV[1] of Cross-Plaintiffs' Counterclaim (Docket #18-1);

(2) Cross-Plaintiff Bouie Construction, Inc.'s ("Bouie") Summary Judgment Motion as to Liability of Cross-Defendant Travelers on Counts I and III of Bouie's Cross-Claim (Docket #27-1); and

(3) Motion of Cross-Defendants Bouie and National Fire to Dismiss All Five Counts of the Crossclaim Brought by Defendants Castle and Travelers[2] (Docket #16-1).

The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

---

[1] Bouie voluntarily withdrew Count IV of the cross-claim in its response to the motion.

[2] Travelers voluntarily dismissed all counts of the cross-claim (Docket #20). Castle joins the voluntary dismissal as to Counts I, II, and IV but contests the dismissal of Counts III and V.

Because the facts and issues related to these motions are inextricably linked, all three motions are consolidated for the purposes of this opinion. For the reasons that follow, Travelers' motion to dismiss Bouie's cross-claims is GRANTED in part and DENIED in part; Bouie's motion for summary judgment on its cross-claims is DENIED; and Bouie's motion to dismiss the cross-claims of defendant Castle Construction Corp. ("Castle") is GRANTED.

## BACKGROUND[3]

The underlying lawsuit in this case is based on plaintiff Crouch-Walker Corp.'s ("Crouch-Walker") claim that the defendants failed to pay it for certain masonry work performed pursuant to a construction subcontract.[4] In January 2002, Crouch-Walker was dismissed as a party to the case pursuant to a settlement. (*See* Docket #52.) The litigation continues only as to various cross-claims filed by and against the co-defendants. The three pending motions are related to those cross-claims.

Bouie is a prime contractor that was awarded a contract for the construction of a public project, a National Cemetery in Joliet, Illinois. National Fire Ins. Co. of Hartford ("National") is Bouie's surety under its payment bond issued pursuant to the Miller Act, in favor of the United States as Obligee.

Bouie and Castle entered into a subcontract agreement under which Castle was to construct a portion of the project for a total of approximately $5.9 million. After Bouie and Castle entered into the subcontract agreement, Castle's surety Travelers issued a Subcontract Labor and Material Payment Bond ("Payment Bond"), which listed Castle as Principal, Travelers as Surety, and Bouie as Obligee. Travelers also issued a Subcontract Performance

---

[3] The undisputed facts in the case are taken from the record and from the parties' submissions related to all three motions.

[4] Castle has a claim for damages against Bouie in a separate lawsuit. *See Castle Constr. Co. v. Bouie Constr., Inc.*, No. 01 C 774. On March 5, 2002, this Court granted a motion to consolidate the two cases.

Bond ("Performance Bond"), listing the same parties as Principal, Surety, and Obligee. Bouie insisted that Castle post the Payment Bond and Performance Bond in favor of Bouie as a condition of hiring Castle as a subcontractor.

The Payment Bond provides that:

> The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Obligee shall not be liable for the payment of any costs or expenses of any such suit.

The Payment Bond defines a claimant as "one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract." The obligation under the Payment Bond was void if the Principal promptly made payments to all claimants.

The Performance Bond provides that:

> Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, the Obligee having performed Obligee's obligations thereunder, (1) Surety may promptly remedy the default . . .; (2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee may arrange for the performance of Principal's obligation under the subcontract . . .; (3) The balance of the subcontract price . . . shall be credited against the reasonable cost of completing performance of the subcontract . . .

The obligation under the Performance Bond was null and void if the Principal promptly and faithfully performed the subcontract.

The relevant terms of the subcontract agreement are Paragraph 18 and Paragraph 20. Paragraph 18 of the subcontract provides: "Subcontractor shall keep the Work covered by this Subcontract free and clear from all mechanics liens and Miller Act claims." Paragraph 18 then states that if a mechanics lien or Miller Act claim is filed against the contractor, the

subcontractor will indemnify the contractor for all resulting losses, damages, and expenses, including attorneys fees and costs.

Paragraph 20 of the subcontract provides: "Contractor may, upon three (3) days written notice to Subcontractor, terminate the entire or any part of this Subcontract... if in the sole discretion of Contractor, the Subcontractor fails, refuses, or neglects to supply sufficient skilled workmen or materials of proper quality or adequate equipment... or keep its work on the schedule required... or fails in any respect to meet the obligations imposed upon the subcontractor by this Subcontract." Paragraph 20 also gives Bouie as the contractor the sole discretion to determine whether Castle as the subcontractor had corrected the deficiency within the notice period.

In the first half of 2000, after Castle had performed a good deal of work under the subcontract and had been paid over $5.3 million, Bouie complained that Castle was failing to perform on time, not staffing the work adequately, not cooperating, and not paying its subcontractors in a timely manner. On June 2, 2000, Castle demanded that Bouie pay a balance due Castle of nearly $350,000. Bouie refused to pay the additional sum but made some payments directly to several of Castle's subcontractors that allegedly had claims against Castle.

Bouie issued a notice of default termination to Castle on June 30, 2000, with a demand to cure by July 6, 2000.[5] The default notice cited a number of causes, including Castle's alleged failure to resolve subcontractor claims and failure to complete work in a timely fashion. Bouie then terminated Castle effective July 13, 2000. After terminating Castle, Bouie did not make immediate demand on Travelers under the performance bond and wrapped up the work on the project without involving Travelers in the construction.

---

[5] On July 6, 2000, Bouie extended the cure date to July 12, 2000.

Before the subcontract was terminated, Castle had entered into a sub-subcontract with the plaintiff Crouch-Walker, whereby Crouch-Walker was to provide labor and materials for masonry work necessary to complete Castle's subcontract. The Crouch-Walker sub-subcontract is the basis for the present lawsuit. Crouch-Walker claims that Castle failed to pay pursuant to the sub-subcontract and as a result, served Travelers with a written demand under the Payment Bond on July 6, 2000. Castle disputed the claims, and payment was not made under the bond. Crouch-Walker then filed this suit against Castle for breach of contract; against Castle and Travelers under the Travelers Payment Bond; and against Bouie and National under the Miller Act. Bouie demanded that Travelers defend and indemnify Bouie as obligee of the Payment Bond. On May 18, 2001, Travelers refused Bouie's demand.

## DISCUSSION

Bouie filed a cross-claim against Travelers that includes Count I, under the Payment Bond, and Count III, under the Performance Bond. Castle also has a cross-claim pending against Bouie. Count III of Castle's cross-claim is for reimbursement, and Count V of the cross-claim is for subrogation. These four cross-claim counts are subject to the three motions pending before the Court: (1) Travelers' motion to dismiss Count I of Bouie's cross-claim; (2) Bouie's motion for summary judgment as to Counts I and III of its cross-claim; and (3) Bouie's motion to dismiss Counts III and V of Castle's cross-claim.

In reviewing these motions, the Court has examined all submitted materials, which include the Payment Bond and Performance Bond, the subcontract agreement, documents reflecting money paid and owed to Castle's subcontractors, affidavits, and correspondence related to the bond and work performed under the subcontract.

### A. *Travelers' Motion to Dismiss Bouie's Cross-Claim Count I (Payment Bond)*

A liberal standard applies to whether a pleading states a claim for which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The factual allegations of a claim are taken as true and all inferences are drawn in the plaintiff's favor. *See Looper v. Maintenance Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 911 (7th Cir. 1999). Dismissal is "appropriate only if the complaint fail[s] to give the defendants adequate notice of the claim, or if there was no set of facts that could be proven, consistently with [plaintiff's] allegations, that would support relief." *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000); *see also Looper*, 197 F.3d at 911 (quoting *Conley*, 355 U.S. at 45-46) ("'[A] complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (emphasis added). Nevertheless, "a complaint must allege facts bearing on all material elements 'necessary to sustain a recovery under some viable legal theory.'" *Looper*, 197 F.3d at 911 (quoting *Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998)).

Bouie's cross-claim under the Payment Bond seeks damages for the amount of its potential liability to Crouch-Walker;[6] for attorneys' fees and other expenses incurred in defending against the Crouch-Walker lawsuit; an award of penalties under the Illinois Insurance Code, 215 Ill. Comp. Stat. § 5/155. In its Motion to Dismiss, Travelers argues that Bouie cannot be indemnified for its costs related to the litigation because they resulted from Bouie's own breach of the subcontract.

As stated above, a complaint should be dismissed only if it is clear that no set of facts would support the plaintiff's claim and entitle it to relief. The Payment Bond in this case provides that "The Obligee shall not be liable for the payment of any costs or expenses of any such suit [by a claimant]." The present lawsuit was brought by Crouch-Walker, a claimant.

---

[6]Given that Castle has since settled with Crouch-Walker, and thus Bouie has no potential liability to Crouch-Walker, this issue is moot.

Travelers rejected Bouie's tender of defense. Thus, the plain language of the Payment Bond indicates that Bouie could prove a set of facts that would entitle it to relief as to its litigation costs. The fact that Travelers may have valid defenses to the claim is irrelevant at the dismissal stage. Similarly, Bouie could present a set of facts supporting its allegation that Travelers' actions were vexatious and in bad faith and therefore warrant penalties under the Illinois Insurance Code.

Travelers' motion to dismiss Count I of the cross-claim is therefore DENIED.

B. *Bouie's Motion for Summary Judgment as to Bouie's Cross-Claim Count I (Payment Bond)*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.* A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant must direct the Court "to the determinative issues and the available evidence that pertains to each." *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). In a case like the present one, in which the movant will bear the burden of persuasion at trial, the movant "must support its motion with credible evidence – using any of the materials specified in Rule 56(c) – that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331.

In deciding on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. In response to "a properly supported motion for summary judgment," the non-movant "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250 (internal quotations omitted). The non-movant, however, "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Selan*, 969 F.2d at 564 (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *cf. Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992) (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)) ("'Where the evidentiary matter in support of the motion [for summary judgment] does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.*'") (emphasis in original). The judge must not weigh the evidence presented but must only determine whether there exists an issue of material fact for trial. *See Anderson*, 477 U.S. at 249. The Court is obligated, however, to view the evidence presented "through the prism of the substantive evidentiary burden." *Id.* at 254.

The parties' arguments regarding Bouie's cross-claim deal mainly with Bouie's demand to be indemnified by Travelers and Castle for its potential liability to Crouch-Walker. As stated above, that issue is now moot. Therefore, the Court will address only the remaining issues raised in the briefs.

Without citing to any authority, Bouie argues that it is entitled to summary judgment as to its litigation costs and penalties because the litigation resulted from Travelers' baseless refusal to pay Crouch-Walker's bond claim. Bouie further states that it did not breach the subcontract by terminating Castle, and even if it had, Travelers consented to the termination by remaining silent after receiving notice of Castle's default. Bouie also maintains that Travelers improperly rejected Bouie's tender of defense. Travelers and Castle respond that

Bouie should not be indemnified for its costs in defending against Crouch-Walker's claims because those claims arose from Bouie's breach of the subcontract.

As the cross-claim plaintiff, the party with the burden of persuasion, Bouie has the duty to offer credible evidence in support of its claim "that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331. Bouie has not met its burden of proving it is entitled to judgment as a matter of law.

Bouie's motion fails to list the elements of its claim for fees under the Payment Bond or direct the Court to undisputed evidence supporting each element. Bouie argues only that Travelers improperly refused Crouch-Walker's claim, that Bouie's termination of Castle was reasonable, and that Travelers wrongfully rejected Bouie's tender of defense. First, Bouie has not shown that these allegations would by themselves fulfill the elements of a claim for fees under the Payment Bond.

More importantly, Bouie has not shown that its conclusory allegations are supported by undisputed facts in the record. For example, Bouie acknowledges that its termination of Castle would not be reasonable if it were done in bad faith. Bouie, however, offers no affirmative evidence that the decision was not made in bad faith. Travelers and Castle, however, have offered contrary evidence in their defense that they acted reasonably, and that Bouie acted unreasonably and in bad faith.

There are numerous disputed issues of material fact in this case, and Bouie's motion does not direct the Court's attention to uncontroverted evidence that would support a directed verdict at trial as to Travelers' liability to Bouie under the cross-claim. Bouie's motion for summary judgment as to Count I of the cross-claim is therefore DENIED.

C. *Bouie's Motion for Summary Judgment as to Bouie's Cross-Claim Count III (Performance Bond)*

Under the terms of the Performance Bond, Travelers' obligation is null and void if Castle promptly and faithfully performs the subcontract, and Bouie cannot make a demand under the bond unless it has performed its obligations under the subcontract. Therefore, as

the party with the burden of persuasion, Bouie must establish that Castle did not perform under the subcontract but that Bouie did perform its obligations. Bouie has not done so.

Bouie motion for summary judgment as to the Performance Bond does not describe the elements of a Performance Bond claim or point to undisputed facts supporting an award of summary judgment. Bouie's motion is exceedingly thin, arguing only that summary judgment is warranted because Travelers tacitly approved Bouie's termination of Castle and because Bouie acted in subjective good faith in terminating Castle.

In support of its claim that Castle breached the subcontract and that Bouie terminated Castle from the project in good faith, Bouie lists several reasons for the termination: Castle had warranted it would keep the project free of Miller Act bond claims but seven were filed by Castle's subcontractors; Castle misrepresented to Bouie the amounts due to Castle's subcontractors; Castle delayed paying the bond claims; and Castle retained a sufficient amount from the funds paid to it by Bouie to pay Crouch-Walker the undisputed portion of its claim.

Castle and Travelers offer evidence contrary evidence that they withheld payment of the bond claims in good faith; that some of the bond claims were frivolous; that Castle did not misrepresent the amounts to Bouie; that the subcontract did not provide for an absolute warranty against Miller Act claims; and that Bouie had already breached the subcontract agreement before Castle was terminated. Also, as with its Payment Bond claim, Bouie acknowledges that bad faith is a defense but does not affirmatively establish the absence of bad faith in its termination decision.

Because there are numerous genuine issues of material fact related to Travelers' liability under the Performance Bond, summary judgment is inappropriate. Bouie's motion for summary judgment as to Count III is therefore DENIED.

### D. *Bouie's Motion to Dismiss Castle's Cross-Claim Count III (Reimbursement)*

Bouie's motion argues first that Castle's claim for reimbursement should be dismissed because in the companion case, Case No. 01 C 774, Castle is suing Bouie to recover the same damages as those for which Castle now seeks reimbursement, namely the money Castle paid to Crouch-Walker. Because the reimbursement cross-claim is duplicative of the consolidated lawsuit, the cross-claim should be dismissed.

Castle responds that Case No. 01 C 774 is not the same as the present case, because Castle's reimbursement claim seeks attorneys' fees related to this lawsuit and the other complaint does not. Castle also argues that an action for reimbursement can be brought by a subsurety that is forced to defend a suit because the principal surety refuses to pay sums justly due to the bond claimant, citing the *Restatement of Surety and Guaranty*, §§ 22-25 (1996). Castle contends that Travelers is the subsurety in this case and National is the principal surety, which it believes supports its claim for reimbursement as a subsurety.

Bouie disagrees with Castle's characterization of the relationship between the sureties. Bouie further argues that Castle is a principal, not a surety, so Castle cannot base a claim on the doctrine of subsuretyship. Castle responds that it has indemnified and is paying for the defense of Travelers, and therefore Castle is subrogated to the rights of Travelers for reimbursement.

Under its own analysis, Castle cannot bring a claim for reimbursement of fees under the subsuretyship doctrine. Whether or not Castle is correct in its description of National and Travelers as the principal surety and subsurety in this case, the fact remains that Castle is not a surety. Castle's apparent attempt to put itself in the shoes of Travelers is unavailing. Castle offers no support for the notion that it can assert all rights and defenses of a surety merely because it has indemnified the surety.

Furthermore, even assuming that Castle could assert all claims that could be asserted by Travelers; that Travelers is indeed the subsurety in this case; and that Bouie is liable for

-11-

the costs incurred, Castle's argument would fail. Travelers did not pay Crouch-Walker, nor did it pay the attorneys' fees for which Castle seeks reimbursement. Travelers did not pay a debt for which Bouie or National was liable and therefore would not have standing to bring a claim under the subsurety doctrine.[7]

Bouie's motion to dismiss is GRANTED as to Count III of the cross-claim.

E.  *Bouie's Motion to Dismiss Castle's Cross-Claim Count V (Subrogation)*

Under the doctrine of subrogation, a party who involuntarily pays a debt or claim of another may enforce the rights of the other with regard to that claim or debt. *See Dix Mut. Ins. Co. v. LaFramboise*, 597 N.E.2d 622, 624 (Ill. 1992). The equitable right of subrogation arises by operation of law in circumstances where the party who owes the debt would be unjustly enriched by retaining the benefit, and subrogation is necessary to effect "a just resolution of the rights of the parties." *American Nat'l Bank & Trust Co. v. Weyerhaeuser Co.*, 692 F.2d 455, 460 (7th Cir. 1982).

A party must satisfy several requirements before claiming the right of subrogation: (1) the claim or debt under which the right is asserted must have been paid in full; (2) the debt must be one for which a third party, not the potential subrogee, is primarily liable; (3) the party liable for the debt must have a right he could enforce against a third party and that the potential subrogee seeks to enforce that right; and (4) the potential subrogee must not have paid the third party's claim or debt voluntarily. *Id.* at 461-63.

Bouie argues that Castle cannot be subrogated for paying off its own obligation to Crouch-Walker. Bouie also contends that a party cannot state a cause of action for subrogation before it has paid the underlying debt. Castle responds only to the ripeness argument, which is now moot because Castle has settled with Crouch-Walker.

---

[7]Castle's decision to make a claim for attorneys' fees in this case while seeking other elements of damages (based on the same alleged wrongful conduct) in Case No. 01 C 774 is interesting. However, since the cases are now consolidated, the Court need not examine Castle's decision to split its prayer for damages in light of the goals of judicial economy and consistency.

The Court agrees that Castle's cross-claim does not allege a proper claim for subrogation, even if it is proven that Bouie is primarily liable for the debt. Castle fails to meet at least two requirements for making a subrogation claim. First, since filing its cross-claim for subrogation, Castle settled with Crouch-Walker. Therefore, Castle paid Bouie's alleged debt voluntarily. Second, Castle's subrogation claim does not allege that Bouie has any rights it could enforce against a third party (i.e., Crouch-Walker) or that Castle seeks to enforce any such right.

Bouie's motion to dismiss Count V of Castle's cross-claim is therefore GRANTED.

## CONCLUSION

Cross-Defendant Travelers Casualty & Surety Co. of America's Motion to Dismiss Counts I and IV of Cross-Plaintiffs' Counterclaim is DENIED as to Count I. The cross-plaintiffs have voluntarily withdrawn Count IV of the cross-claim, which sought contribution. Count IV is therefore dismissed without prejudice.

Cross-Plaintiff Bouie Construction, Inc.'s Summary Judgment Motion as to Liability of Cross-Defendant Travelers on Counts I and III of Bouie's Cross-Claim is DENIED.

The Motion of Cross-Defendants Bouie and National Fire to Dismiss All Five Counts of the Crossclaim Brought by Defendant Castle is GRANTED as to Counts III and V. Castle has voluntarily withdrawn Counts I, II, and IV of the cross-claim. Counts I, II, and IV are therefore dismissed without prejudice.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: SEP 2 7 2002